UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jama S. Ahmed,<br><br>       Petitioner,<br><br>v.<br><br>Jefferson B. Sessions III, Attorney General;[1] John F. Kelly, Secretary of the Department of Homeland Security;[2] and M. Yvonne Evans, Directory, Washington D.C. Field Office, Enforcement and Removal Operation, U.S. Immigration and Customs Enforcement,<br><br>       Respondents. | Case No. 16-cv-02124 (DSD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

On May 18, 2016, Petitioner Jama S. Ahmed filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his custody by U.S. Immigration and Customs Enforcement (ICE). (Pet. [Doc. No. 2–1].) The case was subsequently transferred to this Court from the Eastern District of Virginia [Doc. No. 1]. As set forth below, the Court recommends that the Petition be denied as moot.

---

[1] Jefferson B. Sessions III, is now the Attorney General of the United States. Pursuant to Federal Rule of Civil Procedure Rule 25(d), Jefferson B. Sessions III is substituted for Loretta Lynch as the Respondent in this action.

[2] John F. Kelly is now the Secretary of the Department of Homeland Security. Pursuant to Federal Rule of Civil Procedure Rule 25(d), John F. Kelly is substituted for Jeh Johnson as the Respondent in this action.

I.      **Background**

According to the Petition, Ahmed had been held by ICE at the Carver County Jail, pending his removal from the United States, since November 19, 2015. (Pet. at 1-4.) Petitioner sought immediate release from ICE custody pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), because more than six months had passed since he was first detained and because there was not a significant likelihood of removal in the reasonably foreseeable future. (Pet. at 9.)

On August 12, 2016, Respondents filed a response to the Petition asking that the Court dismiss the Petition as moot because Petitioner was removed from the United States to Somalia. (Resp. Habeas Pet. at 1 [Doc. No. 6].) Petitioner was escorted from St. Paul, Minnesota, to Washington, D.C., on July 30, 2016. (McPherson Decl. ¶ 11 [Doc. No. 7].) There, ICE officers executed a warrant of removal on July 31, 2016. (McPherson Decl. ¶ 12.) Petitioner was then escorted by ICE officers from Washington, D.C., to Addis Ababa, Ethiopia, and from Addis Ababa, Ethiopia, to Nairobi, Kenya. (McPherson Decl. ¶¶ 12-13.) On August 2, 2016, ICE officers witnessed Petitioner board a flight that was traveling from Nairobi, Kenya, to Mogadishu, Somalia. (McPherson Decl. ¶ 14.) The officers received confirmation on August 2, 2016, that Petitioner arrived in Somalia and that he was accepted by the Somali government. (*Id.*)

Today, Petitioner is no longer in ICE custody and has been formally and effectively removed from the United States to Somalia. (McPherson Decl. ¶ 16.)

## II. Petitioner's Claim for Habeas Relief

In his Petition, Petitioner asked that the Court grant the following relief: (1) immediate release from ICE custody; (2) preliminary and injunctive relief enjoining Respondents from any further unlawful detention of Petitioner; and (3) attorney's fees and costs. (Pet. at 12.)  He explained that more than six months had passed since he was incarcerated by ICE, beginning on November 19, 2015.  Petitioner stated that he had fully cooperated with ICE by providing ICE with all information they requested and by calling the Somalian Embassy "many times" to procure travel documents. (Pet. at 7.)  He further stated that despite his efforts, he was unable to obtain travel documents, and that there was "no certainty as to when, if ever," the Embassy would issue such documents. (Pet. At 6.)  Respondent does not dispute that ICE detained Petitioner for more than six months and that no travel documents were procured for him during that time period.

However, after Petitioner filed his Petition for habeas relief on May 18, 2016, he was formally removed from the United States and arrived in Somalia on August 2, 2016.  Petitioner has not contacted the Court since his removal.

## III. Analysis

### A. The Petition for Writ of Habeas Corpus Should be Dismissed as Moot

Respondents request that Petitioner's habeas petition be denied as moot. Respondents cite Article III, Section 2 of the United States Constitution, which reads in part: "The judicial power shall extend . . . to controversies to which the United States shall be a party."  U.S. Const. art. III, § 2.  Respondents argue that no controversy exists because Petitioner has been removed to Somalia, and therefore, his habeas petition

3

challenging his detention pending removal is moot.  Additionally, Respondents highlight the judiciary's limited scope of review in immigration matters.  (Resp. Habeas Pet. at 3-5.)   They contend that Congress and the Executive Branch have "plenary power" over immigration which "necessarily encompasses immigration detention."  (*Id.* at 4.)  Accordingly, Respondents ask that this Court dismiss the case, and specifically, that it dismiss the case with prejudice.

Respondents correctly identify the jurisdictional issue that Article III creates in this situation.  Article III "limits the jurisdiction of the federal courts to actual, ongoing cases and controversies."  *Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000).  "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot."  *Hayden*, 212 F.3d at 469 (internal citation and quotation marks omitted).  Article III mootness divests the Court of subject matter jurisdiction.  If a court determines that it lacks subject-matter jurisdiction at any time during the proceedings, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Petitioner's removal from the United States leaves nothing for the Court to grant by way of habeas relief.  He is no longer in ICE custody, and as a result, the Court cannot order his release.  Any such order would be ineffectual, and therefore, Petitioner's habeas petition is moot.

Respondents cite to *Mhanna v. U.S. Dep't. of Homeland Sec. Citizenship and Immigration Servs.*,  No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *11-12 (D. Minn.

4

Dec. 13, 2010). In this case, the Court granted the respondents' motion to dismiss the petitioner's habeas petition because "ICE's removal of Mhanna from the United States render[ed] any such [reviewable] claim moot." *Id.* at *12. This holding is consistent with other cases both in this District and elsewhere. *See, e.g.*, *Estrada-Heredia v. Holder*, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012), *R. & R. adopted*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012) (finding a petition moot where petitioner was already repatriated to Mexico); *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) (finding appeal of petition moot where petitioner was repatriated to Egypt during the pendency of the appeal).

Simply because Petitioner is no longer in ICE custody does not automatically moot his petition. *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002). Petitioner was in custody at the time he filed his petition, and as such, a further inquiry is required. A court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Id.* at 1257 (internal quotation marks omitted). Respondents argue that none of these exceptions apply to this case because Petitioner has been fully and effectively removed from the United States. (Resp. Habeas Pet. at 9.)

The Court agrees. First, the collateral-injuries exception does not apply when such injuries are a result of the final Order of Removal, and not the prolonged detention itself.

5

*Sayonkon v. Beniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) *R. & R. adopted*, 2012 WL 1622545 (D. Minn. May 9, 2012). Here, any continuing injury would follow from Petitioner's removal to Somalia, which Petitioner is unable to challenge under this Court's jurisdiction. In short, this Court cannot conceive of any concrete and continuing injury sufficient to keep this case alive. *See Spencer v. Kemna*, 523 U.S. 1 at 13 (1998).

The second exception narrowly applies to cases in which "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration," and in which there is also a "reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* at 17. Because there is nothing further to litigate in Petitioner's case, the first situation does not apply. Additionally, there is no indication anywhere in the record, let alone a "reasonable expectation," that Petitioner is likely to be held in ICE custody again. As he has effectively been removed from the United States, the capable-of-repetition exception does not apply.

The third exception to mootness generally causes concern in cases where a petitioner is voluntarily released after filing a habeas petition. *See, e.g.*, *Riley*, 310 F.3d at 1257. This, however, is no such case. Petitioner filed his habeas petition on May 26, 2016, more than sixth months after receiving his removal order. At this point, ICE had already attempted to remove Petitioner once, but was unable to do so effectively because of approval issues with Ethiopian Airlines. (McPherson Decl. ¶ 10.) Petitioner was effectively removed following the resolution of these issues. (McPherson Decl. ¶ 16.) This removal was conducted using a formal travel document issued by the Somali

6

Embassy in Washington, D.C. (McPherson Decl. ¶¶ 11-15.) Nothing about ICE's conduct suggests that it acted purposefully in order to divest this Court of its jurisdiction over this matter. Therefore, the voluntary-cessation exception to the mootness doctrine does not apply.

Finally, the exception relating to properly certified class actions is plainly inapplicable, as this matter involves a request for relief by an individual detainee on his own behalf, not a request for relief on behalf of a class of individuals.

### B. Petitioner's Request for Attorney's Fees Should be Denied

Petitioner's request for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and on any other basis, should be denied. The EAJA awards a prevailing party with "fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). Because the Court has denied Petitioner's requests for relief, he is not a prevailing party, and is not entitled to any fees.

## IV. Conclusion

Because Petitioner's case is now moot and none of the exceptions to the mootness doctrine apply, this Court lacks subject-matter jurisdiction over Petitioner's habeas petition. Additionally, because Petitioner is not a prevailing party, he is not entitled to attorney's fees under the EAJA, or on any other basis. This Court is unable to offer Petitioner any relief as requested and Petitioner cannot cure any deficiencies. Therefore, this action should be dismissed with prejudice.

7

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 2] be **DENIED AS MOOT**;

2. This case be **DISMISSED WITH PREJUDICE**.

Dated: July 11, 2017         s/ *Hildy Bowbeer*
                             HILDY BOWBEER
                             United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.